J-S46038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORGE VICTOR GUZMAN-RODRIGUEZ | : | |
| | : | |
| | : | No. 1969 MDA 2016 |
| Appellant | | |

Appeal from the PCRA Order November 23, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001476-2014,
CP-06-CR-0001491-2014

BEFORE:    BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 14, 2017**

Appellant Jorge Victor Guzman-Rodriguez appeals *pro se* from the order of the Court of Common Pleas of Berks County denying Appellant's petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  As Appellant failed to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), we affirm.

On November 17, 2014, a jury convicted Appellant of Delivery of a Controlled Substance and Possession of a Controlled Substance on two separate dockets.  On the same day, the trial court sentenced Appellant to

_____

[*] Former Justice specially assigned to the Superior Court.

three to six years' imprisonment to be followed by three years' probation. Appellant's timely post-sentence motion was denied. On September 8, 2015, this Court affirmed the judgment of sentence. On June 15, 2016, the Supreme Court denied Appellant's petition for allowance of appeal.

On July 14, 2016, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Appellant counsel, who subsequently sought to withdraw her representation by filing a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). On September 27, 2017, the PCRA court granted counsel's petition to withdraw and issued notice of its intent to dismiss the petition without a hearing. Although Appellant filed a response, the PCRA court dismissed the petition on November 23, 2016. This timely appeal followed.

On December 6, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days of the trial court's order, which also indicated that "[a]ny issue not properly included in the timely filed and served Statement shall be deemed waived." Order, 12/6/16, at 1. On January 3, 2017, the trial court filed a 1925(a) opinion, indicating that Appellant failed to file a concise statement as directed. Appellant filed a concise statement which was self-dated January 9, 2017.

On appeal, Appellant makes no attempt to explain why this Court should overlook his failure to file a timely 1925(b) Statement. Instead, he

raises a claim of prosecutorial misconduct and a challenge to the sufficiency of the evidence.

However, Rule 1925 provides, in relevant part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.** — If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\*\*\*

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

\*\*\*

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4) *Requirements; waiver.*

\*\*\*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(3)(iv), (4)(vii).

The Supreme Court of Pennsylvania has further clarified that, "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (quoting ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998)). *Pro se* appellants are not excused from

compliance with this rule. ***See Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) ("A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court [and] [t]his Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure").

Our review of the record confirms that Appellant failed to file a Rule 1925(b) Statement pursuant to the PCRA court's order, which informed Appellant that his failure to file a timely statement would result in the waiver of his claims. Accordingly, we agree with the PCRA court's conclusion that Appellant's eligibility for appellate review has been waived.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/14/2017</u>